IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:06CV79-V

WILLIAM J. LOPEZ, Individually, and on )
behalf of all other persons similarly )
situated, )
    Plaintiff(s), )
     )
    v. ) Memorandum and Order
     )
GAINES MOTOR LINES, INC., )
    Defendant. )
_____ )

**THIS MATTER** is before the Court on Plaintiff's "Notice Of Motion For Voluntary Dismissal And Plaintiff's Opposition To Motion To Compel," Memorandum of Law, and Affirmation of Marc A. Susswein, filed in support on August 7, 2006 (Documents #31, #32); Defendant's Response In Opposition, filed August 21, 2006 (Document #36); Plaintiff's Reply, filed August 25, 2006 (Document #37); and Defendant's Surreply, filed August 30, 2006 (Document #38).

## I. Procedural History

This civil action was commenced in the Southern District of New York. Plaintiff's Complaint, which alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, is brought on behalf of Mr. Lopez, individually, and on behalf of all other similarly situated current and former employees of Gaines Motor Lines. (Document #1)

Defendant accepted service on March 6, 2006. (Document #4) Defendant filed its Answer on April 20, 2006. (Document #10) On May 22, 2006, Defendant Gaines Motor Lines moved for transfer of venue pursuant to 28 U.S.C. §1404(a). (Documents #12, #13)

1

On June 14, 2006, Plaintiff, through counsel, consented to transfer of venue to the Western District of North Carolina. (Document #16) On June 15, 2006, Judge Scheindlin granted Defendant's motion and transferred the case to this district.

On May 4, 2006, Defendant initiated discovery by serving Plaintiff with interrogatories and requests for production of documents. Plaintiff has not responded to Defendant's discovery requests.[1] According to Plaintiff's counsel, Mark A. Susswein:

> "On or about the third week in May 2006, Mr. Lopez [Plaintiff] was admitted to a hospital for medical treatment in connection with his suffering from a depression and recently overdosing on certain narcotic substances and alcohol. Mr. Lopez was hospitalized for approximately three weeks and was subsequently released in mid-June 2006. Later that month, Mr. Lopez was readmitted to the hospital for additional treatment because of a deterioration in his condition and then subsequently released again after a few days time."

(Susswein 8-7-06 Aff., ¶6) Plaintiff's counsel avers that as a result of Mr. Lopez's medical condition, on June 23, 2006, he sought additional time from Defendant's counsel to respond to the discovery requests. (Id., ¶7) Defendant was not willing to consent to an extension of time. (Id., ¶7) Shortly thereafter, Defendant also refused to consent to a voluntary dismissal. (Id., ¶8; Pl.'s Exhs. A, B)

On July 21, 2006, almost a month after receiving notice that Plaintiff would seek a voluntary dismissal, Defendant filed a motion to compel discovery.[2] (Documents #25, #26) The instant motion followed. As of August 2006, Plaintiff's counsel represented that Mr.

---

[1] According to Defendant, Plaintiff has never provided Defendant with initial disclosures either. FED. R. CIV. P. 26(a)(1).

[2] While it is unclear exactly how much Plaintiff's counsel revealed to the defense, Defendant was on notice that Plaintiff was going to seek voluntary dismissal as early as June 27, 2006. (Susswein Aff., ¶8)

Lopez "has not made a full recovery, is still under weekly treatment and it does not appear that he is currently able to manage the rigors of litigation." (Susswein Aff., ¶10)

## II. Applicable Standard / F̲ED̲. R. C̲IV̲. P. 41(a)(2)

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs Plaintiff's motion given that Defendant already answered the allegations within the Complaint and did not stipulate to dismissal without prejudice. Rule 41(a)(2) provides in part:

> "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

F̲ED̲. R. C̲IV̲. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987) (*internal citations omitted*); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir.1986) (absent plain legal prejudice to the Defendant, voluntary dismissal without prejudice should be granted). "To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id. Thus, the Court considers whether Defendant's arguments regarding purported prejudice weigh in favor of denying Plaintiff's motion.

Defendant opposes Plaintiff's motion on various grounds, namely, failure to comply with Rule 11 of the Federal Rules of Civil Procedure, unreasonable delay, and prejudice. Alternatively, Defendant requests that if dismissal without prejudice is allowed, the Court consider 1) ruling on Defendant's motion to compel; 2) requiring Plaintiff to reimburse

Defendant for the costs and fees associated with the motion practice thus far; and 3) ordering that Plaintiff be limited to refiling the lawsuit in the Western District.[3] (Def.'s Mem. In Supp. at 2.)

### III. Discussion

Dismissal of Plaintiff's claims without prejudice is proper under these facts. First, a review of the record does not support Defendant's argument that Plaintiff's actions constitute unreasonable delay. There was approximately a three-month delay between Plaintiff's hospitalization and the filing of Plaintiff's motion for voluntary dismissal. During those three months, Plaintiff's counsel was in contact with counsel for Defendant on multiple occasions. (Pl.'s Reply at 3-4.)

In addition, the pendency of Defendant's motion to compel does not preclude dismissal without prejudice. Defendant contends that its motion to compel is, in effect, a dispositive motion because Plaintiff has made allegations within his Complaint that lack any evidentiary basis.[4] More specifically, Defendant asserts that Plaintiff fails to produce evidence of repeated incidents of Defendant's failure to pay overtime or the existence of other individual employees similarly situated to Plaintiff. (Def.'s Surreply at 3.) Defendant relies on the proposition that *denial* of voluntary dismissal is appropriate where *summary*

---

[3] Plaintiff indicates a willingness "to stipulate that any re-filing of this matter would proceed before the same Court (U.S. District Court, Western District of North Carolina)." (Pl.'s Reply at 2.)

[4] Defendant contends that Plaintiff does not satisfy the requirements of Rule 11. FED. R. CIV. P. 11(b)(3) (signing and filing of complaint certifies that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation of discovery. . ." ) Because there was little, if any, discovery taken after the question of venue was resolved and before Plaintiff became ill, the Court will not decide this issue.

*judgment* is imminent. *See* Davis, 819 F.2d at 1274 (*citing* Pace v. Southern Express Agency, 409 F.2d 331, 334 (7th Cir.1969)). However, the instant case is still in its infancy and the undersigned is not persuaded that summary judgment is, in fact, imminent. Nor is the Court persuaded that Plaintiff's motion is merely a disguised effort to avoid dismissal on the merits. *See* Pace, 409 F.2d at 334 (sufficiency of plaintiff's explanation for need to take a dismissal is one factor to consider in determining whether dismissal under Rule 41(a)(2) is warranted).

Most importantly, Defendant will not be prejudiced if Plaintiff's motion is granted subject to the conditions described below. "It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. In the event there is a second lawsuit, the question of venue is settled. Likewise, the parties may resume discovery by essentially picking up where they left off.

### IV. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED without prejudice** subject to the following conditions:

1) In the event Plaintiff elects to refile this action (or commence any similar action arising out of the same factual allegations) against Defendant –
   a) Plaintiff shall file within the Western District of North Carolina consistent with the previous ruling granting Defendant's Motion For Transfer Of Venue issued by Judge Scheindlin in the Southern District of New York; and
   b) The parties will be expected to "update" the existing discovery materials - that document discovery that has already been disclosed and produced – through supplemental discovery procedures within thirty (30) days of the commencement of a new action.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel is **DENIED as moot.** Defendant's Motion For Sanctions is also **DENIED.**

Signed: March 30, 2007

Richard L. Voorhees
United States District Judge

Signed: March 30, 2007